9069/PMK
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR
61 BROADWAY, SUITE 3000
NEW YORK, NEW YORK 10006
212-344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Indemnity Insurance Company of North America<br>　　　　　　　　　　　Plaintiff<br>　　-against-<br><br>M/V UNI CONCORD; M/V EVER DIAMOND; their engines, tackles, boilers, etc.; and EVERGREEN MARINE CORPORATION<br>　　　　　　　　　　　Defendants. | 07 CV 11288 (GEL)<br>ECF<br><br>EVERGREEN MARINE'S ANSWER TO PLAINTIFF'S COMPLAINT |

　　　　Defendant ERVEGREEN MARINE CORPORATION (hereinafter "EMC") by and through its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, Answers the plaintiff's Indemnity Insurance Company of North America (hereinafter referred to as "plaintiff"), complaint 07 CV 11288 (GEL) as follows:

1. Admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure; except as so specifically admitted, EMC denies the allegations set forth in paragraph 1 of plaintiff's complaint.

2. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 2 of plaintiff's complaint.

3. Admits that EMC is a foreign corporation which has an agent, EVERGREEN (AMERICA) CORPORATION, with an office at One Evertrust Plaza, Jersey City, New Jersey 07302; EMC further admits that EMC is a vessel operating common carrier as

defined by the Shipping Act of 1984 as amended by the Ocean Shipping Act of 1998; except as so specifically admitted EMC denies all of the remaining allegations in paragraph 3 of plaintiff's complaint.

4. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 4 of plaintiff's amended complaint.

5. Denies all of the allegations contained in paragraph 5 of plaintiff's complaint, except admits that on September 1, 2006, container numbered EMCU5159097, said to contain cheese, was shipped from the a foreign port to the United States aboard the M/V UNI CONCORD v. 0706-224N and M/V EVER DIAMOND, v. 0236-072E pursuant to all of the terms and conditions of the applicable bill of lading contract, EISU476600048379.

6. Denies all of the allegations contained in paragraph 6 of plaintiff's complaint.

7. Denies all of the allegations contained in paragraph 7 of plaintiff's complaint.

8. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 8 of plaintiff's complaint.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9. The shipment in question was to be carried from a foreign port to a United States port pursuant to a bill of lading contract and EMC's Tariff and was therefore subject to United States Carriage Of Goods by Sea Act 46 U.S.C. (App.) 1300 et. seq.

10. EMC claims the benefit of all exceptions, exemptions and limitations contained in the aforesaid statute or bill of lading contract to the full extent as may be applicable.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

11. EMC claims the benefit of the Harter Act, the provisions of the General Maritime law, applicable United States foreign law and all vessel limitation of liability statutes to the full extent they may be applicable to it.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

12. That if the goods in suit were damaged, which is denied, said damage was caused in whole or in part by the contributory negligence of the plaintiff and/or its agents.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

13. Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

14. That if the goods in suit were damaged, which is denied, the damage was proximately caused by inherent vice, defect or quality of the goods in suit, for which EMC is not liable under the Carriage of Goods By Sea Act, 46 U.S.C. Section 1304 (2)(m), and by the terms of the contract of carriage.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

15. That if plaintiff's cargo suffered any damage, which EMC denies, then such damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants or the carrier, and the carrier is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(Q).

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

16. That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act of omission of the shipper, for which the EMC is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2)(i), and by the terms of the contract of carriage.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

17. That if the goods in suit were damaged, which is denied, the damage was proximately caused by a third party, over which EMC exercised no control.

**WHEREFORE,** Defendant EMC prays that the amended complaint against it be dismissed and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
January 11, 2008

                        CICHANOWICZ, CALLAN, KEANE,
                         VENGROW & TEXTOR, LLP
                        61 Broadway, Suite 3000
                        New York, New York 10006
                        *Attorneys of Defendant*
                        EVERGREEN MARINE CORPORATION

                        By:  S/ Paul M. Keane (PMK-5934)

**CERTIFICATE OF SERVICE BY ECF and Telefax**

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On January 11, 2008, I served by ECF and Telefax a complete copy of EVERGREEN MARINE CORPORATION'S answer to the following attorney at the ECF registered address:

David Mazaroli
11 Park Place – Suite 1214
New York, New York 10007
Tel: 212-267-8480
Fax: 212-732-7352
dlm@mazarolilaw.com

DATED:   January 11, 2008
         New York, New York


                                  S/   Jessica De Vivo     (JAD/6588)
                                       Jessica De Vivo, Esq.